

620 Eighth Avenue

New York, New York 10018-1405

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com



RECEIVED

OCT 27 2010

CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**MEMO ENDORSED**

Writer's direct phone

(212) 218-5504

Writer's e-mail
rresnik@seyfarth.com

October 27, 2010

**Plaintiff to respond by 11/12/10. A pre-motion conference is scheduled for 11/16/10 at 10:30 a.m.**

**BY HAND DELIVERY**

The Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 650
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/10

**SO ORDERED:**
Date: 10/28/10    Richard M. Berman

Richard M. Berman, U.S.D.J.

Re: Stephen Carb as Trustee of Lollytogs, Inc. Trust v. Lincoln Benefit
    Life Company Inc., 09-CV-2980 (RMB)(KNF)

Dear Judge Berman:

This firm represents defendant Lincoln Benefit Life Company ("Lincoln") in the above-captioned action. Pursuant to Your Honor's Individual Practices Rule 2(A), we write to request a pre-motion conference seeking leave to file a motion, pursuant to FRCP 60(a), to amend Your Honor's September 11, 2009 Order (the "Order") (attached hereto as Exhibit A). For the reasons set forth below, the Order should be amended to require the release of insurance premiums currently held in escrow because those premiums have now been fully earned, and to require Plaintiff to pay additional premiums now due to maintain Year 12 of the subject policies.

**Background**: This lawsuit arises out of two term life insurance policies issued by Lincoln in October and November of 1999, respectively, insuring the life of Samuel Gindi ("Gindi"), with the face amount of $3,000,000.00 (the "3M Policy") and $26,000,000.00 (the "26M Policy") (collectively, the "Policies"). Specifically, this action will determine whether Plaintiff had the right to convert the Policies to whole life policies. By their terms, the Policies

SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA

WASHINGTON, D.C.  BRUSSELS

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



continue in existence until 2019, subject to Plaintiff's continued payment of premiums and compliance with other policy terms. The Policies provide for guaranteed periods of level premium for the first 10 years, which expired on October 1, 2009 for the 3M Policy and November 8, 2009 for the 26M Policy. Thereafter, the Policies have increasing annual premiums for each subsequent year.

It is Lincoln's position that Gindi had no right to convert the Policies since he was seventy-five years old at the time of issuance of the policy and the right to convert could only be triggered as of the earlier of age seventy or the end of the level premium period.

**September 11, 2009 Order**: On September 11, 2009, Your Honor issued the Order obligating Plaintiff to pay into escrow premiums that Plaintiff would be required to pay under convertible policies rather than term policies in order to maintain coverage for Mr. Gindi pendente lite. Pursuant to Your Honor's directives, Plaintiff paid $2,961,242.00 into an escrow account: $353,376.00 for the 3M Policy (for policy year 11 covering October 1, 2009 to October 1, 2010) and $2,617,866.00 for the 26M Policy (for policy year 11 covering November 8, 2009 to November 2010) (the "Escrow Amount").

**Lincoln's Intended Motion:** Lincoln will seek to amend the Order to direct that the Escrow Amount be released to Lincoln on November 8, 2010 without prejudice to either party's position as to the ultimate merits of this matter. As of November 8, Lincoln will have fully earned the premiums in escrow by virtue of the fact that, regardless of the outcome of the litigation, the Escrow Amount was only intended to cover Year 11 of the Policies (2009-2010) and Plaintiff has already had the benefit of the Policies' coverage for Year 11. Furthermore, since the Escrow Amount is far lower than the premiums Lincoln will be entitled to if it is successful in this action, and the Order specifically requires Plaintiff to pay Lincoln the difference "between the premiums determined to be applicable [under the Policies] and the



premiums paid into escrow pursuant to the Order," there can be absolutely no claim of prejudice if these earned premiums are now to be released from escrow.

Second, if Plaintiff wishes to retain the full benefit of the Policies' coverage for Year 12 (2010-2011), the Order should be amended, or a new Order entered, directing Plaintiff to pay additional premiums in an amount required for convertible policies by November 8, 2010, also without prejudice to the parties' position in this action. Although it is our view that these lower premiums for Year 12 should be paid directly to Lincoln, at the very least, Plaintiff should be directed to pay such premiums into escrow as he did last year to maintain coverage for Year 11.

If the parties are unable to resolve this matter at the mediation scheduled for November 9, 2010, Lincoln respectfully requests a prompt status conference before Your Honor, at which Lincoln will seek a reasonably expedited pre-trial discovery schedule and an early trial date or a briefing schedule for summary judgment motions in this matter. Plaintiff's counsel has taken the position that if the insured, who is nearly 87 years old and whose health is in decline, dies prior to the resolution of the litigation, Lincoln is required to pay $29 million in death benefits to Plaintiff. Since the Order only directs Plaintiff to pay a far lesser premium pendente lite than the Plaintiff will be obligated to pay if Lincoln is successful in this action, all the risk has been shifted to Lincoln which may not have received the benefit of the premiums it believes it is entitled to if the insured dies during the pendency of this action.

Thank you for your attention to this matter.

Respectfully submitted,

Richard M. Resnik

RMR/gsw
Enclosure
cc:    Scott J. Kantor, Esq. (w/encl.) (by hand)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9|11|09

-----------------------------------------------------------x

STEPHEN CARB AS TRUSTEE
OF LOLLYTOGS, INC. TRUST,

               Plaintiff,

          - against -

LINCOLN BENEFIT LIFE COMPANY INC.,

              Defendant.

-----------------------------------------------------------x

09 Civ. 2980 (RMB)

**ORDER**

       Based on the record herein, including Plaintiff's letters dated September 10 and 11, 2009,

Defendant's letter dated September 10, 2009, and the proposed orders submitted by each party,[1]

it is hereby

       **ORDERED**, without prejudice as to either party's position regarding Defendant's

pending Motion to Dismiss, dated June 23, 2009, or the ultimate merits of this matter, that

Plaintiff is to pay into an escrow account (the exact terms of which are to be worked out

forthwith by the parties) "premiums in an amount required for a convertible policy," pending the

resolution of this matter, see Letter from Joshua L. Mallin, Esq. to Hon. Richard M. Berman,

dated Sept. 11, 2009; and

       **IT IS FURTHER ORDERED THAT** such premiums as relate to the policy issued

October 1, 1999, shall be paid into escrow on or before October 1, 2009, and that such premiums

as relate to the policy issued November 8, 1999, shall be paid into escrow on or before

November 8, 2009; and

-------------------------------------

[1]    As far as this Court is aware, the only pending motion is Defendant's Motion to Dismiss
[#10] filed June 23, 2009.

IT IS FURTHER ORDERED THAT, upon a final determination by this Court as to the merits of this case, Plaintiff shall have sixty (60) days to make payment to Defendant of the difference, if any, between the premiums determined to be applicable and the premiums paid into escrow pursuant to this Order; and

IT IS FURTHER ORDERED THAT the parties are directed to work in good faith to negotiate an amicable resolution of this matter; and

IT IS FURTHER ORDERED THAT that the parties are directed to appear before the Court for a status and settlement conference, with their principals, on November 9, 2009 at 9:00 a.m. in Courtroom 21B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated: New York, New York
       September 11, 2009

RICHARD M. BERMAN, U.S.D.J.

2