Richard M. Resnik (RR-1407)
Jay W. Cho (JC-0102)
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

G INVESTORS HOLDING LLC as successors in : 
interest to STEPHEN CARB AS TRUSTEE OF :
LOLLYTOGS, INC. TRUST, :
:  09-CV-2980 (RMB)(KNF)
                 Plaintiff, :
vs. :
:
LINCOLN BENEFIT LIFE COMPANY INC., :
:
                 Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF MELANIE NOBBE

MELANIE NOBBE, being duly sworn, hereby declares under penalty of perjury:

1. I am a Unit Manager at Lincoln Benefit Life Company Inc. ("Lincoln"), the defendant in this matter. I have been employed by Lincoln since 2001 and have held the title of Unit Manager since 2008.

2. I make this Declaration in support of Lincoln's motion seeking an order pursuant to Fed. R. Civ. P. 56 granting Lincoln summary judgment and dismissing the amended complaint of plaintiff G Investors Holding LLC as successors in interest to Stephen Carb as Trustee of Lollytogs, Inc. Trust in its entirety. I make this Declaration upon my own personal knowledge and a review of the documents provided to me.

3.      In June of 2007, I was a Customer Research and Response Team Specialist, which position I held until November, 2007. In this capacity, I responded to customer and agent inquiries.

4.      In or about late May or early June, 2007, I received a request for conversion illustrations from plaintiff Stephen Carb ("Carb") concerning two term insurance policies to age 95 with a 10 year guaranteed level premium period issued by Lincoln, bearing policy numbers T1133155 and T1125550 (collectively, the "Policies"), insuring the life of Samuel Gindi ("Gindi"). Copies of the Policies are attached as Exhibits K and L, respectively, to the accompanying Declaration of Stan Shelley ("Shelley Declaration").

5.      After reviewing the policy files, including electronic notepads regarding the Policies, I advised Carb, by letter dated June 14, 2007, that: (i) the Policies were not convertible due to Gindi's age; (ii) Lincoln had previously offered a one time exception in 2003 to allow the insured to convert the Policies to new universal life policies; and (iii) the Policies were converted in 2003 but were later free looked -- i.e. rescinded -- and the original term Policies were reinstated. A copy of my June 14, 2007 letter to Carb is attached as Exhibit CC to the Shelley Declaration.

6.      I received no response to my June 14, 2007 letter.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on:   Lincoln, Nebraska
               August 24, 2011

_____
MELANIE NOBBE

2