UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
G INVESTORS HOLDING LLC as successors in :
interest to STEPHEN CARB, Trustee of          :
Lollytogs, Inc. Trust,                                        :
                                                                       :
                                    Plaintiff,              :
                                                                       :        09 Civ. 2980 (RMB)
              -against-                                         :
                                                                       :        **ORDER**
LINCOLN BENEFIT LIFE COMPANY, INC.,   :
                                                                       :
                                    Defendant.         :
------------------------------------------------------------X

      Having reviewed the record herein, including the amended complaint, filed on April 28, 2009 by Stephen Carb, as Trustee of Lollytogs, Inc. Trust ("Plaintiff"), alleging, among other things, that Lincoln Benefit Life Company, Inc. ("Defendant") breached two term life insurance policies, dated October 1, 1999 and November 8, 1999, respectively (the "Policies"), by denying Plaintiff the right to convert the Policies into "Flexible Premium Adjustable" or "Whole Life Plan[s]" (Am. Compl., dated Apr. 28, 2009, ¶¶ 47–49, 51–53); Defendant's motion for summary judgment, dated August 29, 2011, arguing, among other things, that (1) Plaintiff's breach of contract fails because the express language of the Policies demonstrate that the conversion provisions were not applicable to Samuel Gindi ("Insured"), who was seventy-five years old at the time the Policies were issued; (2) even if the conversion provisions were applicable to the Insured, "Plaintiff accepted [Defendant's February 26, 2003] offer of a one-time limited conversion privilege"; and (3) Plaintiff's claim for declaratory judgment is "entirely subsumed, and rendered superfluous and redundant, by the accompanying breach of contract claims" (Mem. of Law in Supp. of Def. Lincoln Benefit Life Co. Inc.'s Mot. for Summ. J., dated Aug. 29, 2011 ("Def. Mem."), at 5–6, 11, 19); Plaintiff's opposition, dated September 20, 2011, arguing, among

other things, that (1) the Policies provided Plaintiff with conversion rights up to the term of the level premiums, i.e., 2009, and this right was later confirmed by a July 13, 2000 fax sent by Defendant to Plaintiff, which stated that the "[P]olic[ies] will have conversion privileges up to the term[s] of the [P]olic[ies]"; (2) Plaintiff "flatly (and timely) rejected [Defendant's February 26, 2003] offer" of a one-time conversion; and (3) Plaintiff does not address Defendant's arguments seeking dismissal of Plaintiff's declaratory judgment claim (Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., dated Sept. 20, 2011 ("Pl. Mem."), at 19, 24–25); Defendant's reply, dated September 23, 2011; Plaintiff's surreply, dated October 4, 2011; oral argument held on October 13, 2011 (see Tr. of Proceedings, dated Oct. 13, 2011); and applicable law, the Court finds as follows:

**Defendant's motion for summary judgment is respectfully denied as to Plaintiff's breach of contract claim and granted as to Plaintiff's declaratory judgment claim.**

Preliminarily, the parties agreed at oral arguments that Florida substantive law applies. (See Def. Mem. at 6; Tr. of Proceedings, dated Oct. 13, 2011); see also Federal Ins. v. Am. Home Assur. Co., 639 F.3d 557, 566 (2d Cir. 2011) ("[W]here parties agree that [a state's] law controls, this is sufficient to establish choice of law.").

**Breach of Contract**

Material questions of fact exist as to whether the Policies' conversion provisions – which allowed an insured to convert the Policies "[p]rior to the earlier of the policy anniversary . . . following the insured's . . . seventieth birthday or [at] the end of the level premium period," i.e., 2009 (Def.'s Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, dated Aug. 29, 2011 ("Def. 56.1"), ¶ 33; Pl.'s Resp. to Def.'s Rule 56.1 Statement, dated Sept. 20, 2011 ("Pl. 56.1"), ¶ 33) – applied to the Insured, who was past his seventieth birthday at the time of

the execution of the Policies.  (Def. 56.1 ¶ 34; Pl. 56.1 ¶ 34); see Ernier Cont'l Cas. Co. v. Wendt, 205 F.3d 1258, 1261 (11th Cir. 2000).  These material issues pertain to the following:

(1)  The meaning and intent of the language used in the Policies, see Victoria Select Ins. Co. v. Vrchota Corp., -- F. Supp. 2d --, 2011 WL 1331276 (S.D. Fla. 2011), i.e., whether, under the provisions, the Insured had conversion privileges up to the level premium period.  (Def. 56.1 ¶¶ 27, 34; Pl. 56.1 ¶¶ 27, 34); Certain Interested Underwriters at Lloyd's London Subscribing to Cert. of Ins. No. 9214 v. Halikoytakis, No. 09 Civ. 1081, 2011 WL 1296816, at *5 (M.D. Fla. Mar. 31, 2011) ("An insurance policy is ambiguous when its terms are subject to different reasonable  interpretations."); see also Arriaga v. Fl. Pac. Farms, L.L.C., 305 F.3d 1228, 1248 (11th Cir. 2002); Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. Dist. Ct. App. 1987) (the "terms of the insurance contract . . . are disputed and reasonably susceptible to more than one construction, [creating] a genuine issue of material fact regarding the parties' intent").

(2)  What was the meaning and intent of the July 13, 2000 fax sent by a Lincoln customer service agent which stated that the Insured would "have conversion privileges up to the term[s] of the [P]olic[ies]?"  (Def. 56.1 ¶¶ 35 ("Only our officers have authority to change this contract.  No Agent may do this.  Any change must be written."), 41–43; Pl. 56.1 ¶¶ 35, 41–43); see also Fla. Stat § 627.460 (2011) ("Every contract shall provide, at the option of the insurer, that no agent shall have the power or authority to waive, change, or alter any of the terms or conditions of any policy; except that, at the option of the insurer, the terms or conditions may be changed by an endorsement or rider signed by a duly authorized officer of the insurer."); Hetrick v. Ideal Image Dev. Corp., No. 07 Civ. 871, 2008 WL 5235131, at *13 (M.D. Fla. Dec. 13, 2008) ("[W]hether [an agent] had apparent authority to make representations on behalf of [a defendant]

3

. . . are genuine issues of material fact that preclude summary judgment."); see also Romo v. Amedex Ins. Co., 930 So. 2d 643 (Fla. 3d DCA 2006).

(3)  Whether Plaintiff accepted Defendant's February 26, 2003 offer of a one-time conversion of the Policies and, if so, whether Plaintiff converted the Policies?  (See Def. 56.1 ¶¶ 52–53 ("In August 2003, . . . Plaintiff completed the conversion of the term Policies"); Pl. 56.1 ¶¶ 52–53 ("Plaintiff completed a conversion application" but did not "convert" the Policies.).)

(4)  What was the meaning and intent of the twenty-day free look period during August and September 2003 and of Plaintiff's statement that "everyone is clear on this[, i.e., another conversion,] not being available in the . . . future."  (Def. 56.1 ¶¶ 61–62, 64; Pl. 56.1 ¶¶ 61–62, 64.)

In sum, "the record reveals numerous disputed issues of material fact regarding the nature and terms of the agreement between the parties, particularly whether there was meeting of the minds sufficient to create an enforceable contract between them." Unlimited Res. Inc. v. Deployed Res., LLC, No. 07 Civ. 961, 2009 WL 3805633, at *3 (M.D. Fla. Nov. 12, 2009).

**Declaratory Judgment**

A declaratory action should be entertained "when the judgment will serve a useful purpose in clarifying and settling the legal relations at issue, or when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992).  Because the issue of Defendant's alleged breach, and the parties' obligations to each other, will be resolved in the context of the breach of contract claims, neither of these purposes would be served here.  See

Fernando Grinberg Trust Success Int. Prop. LLC v. Scottsdale Ins. Co., No. 10 Civ. 20448, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010) ("Since the Plaintiff's claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action must be dismissed."); see also Intellectual Capital Partner v. Inst. Credit Partners LLC, No. 08 Civ. 10580, 2009 WL 1974392, at *6 (S.D.N.Y. July 8, 2009).

For the reasons stated herein, Defendant's motion for summary judgment [#45] is granted in part and denied in part. **The parties are directed to engage in good faith settlement negotiations prior to the final pre-trial conference.**

Dated: New York, New York
October 13, 2011

_____
**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/11

5