UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
G INVESTORS HOLDING LLC as successors in
interest to STEPHEN CARB AS TRUSTEE OF
LOLLYTOGS, INC. TRUST,

                         Plaintiff,

        vs.

LINCOLN BENEFIT LIFE COMPANY INC.,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

09-CV-2980 (ALC)(KNF)

**STATEMENT OF DEFENDANT LINCOLN BENEFIT LIFE COMPANY INC.
IN OPPOSITION TO PLAINTIFF'S STATEMENT OF ALLEGED MATERIAL FACTS
ON MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO WHICH THERE
ARE NO GENUINE ISSUES TO BE TRIED**

Defendant Lincoln Benefit Life Company Inc. ("LBL") submits this Statement in Opposition to Plaintiff's Statement of Material Facts On Motion for Partial Summary Judgment As To Which There Are No Genuine Issues To Be Tried pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York as follows:

**STATEMENT NO. 1:**

On or about October 1, 1999, Stephen Carb as trustee of the Lollytogs, Inc. Trust purchased from Defendant LINCOLN BENEFIT LIFE COMPANY, INC. (hereinafter "Defendant"), for good and valuable consideration, a term life policy, bearing policy no. 01T1125550, which insured the life of Samuel Gindi (hereinafter "Gindi") in the amount of $3,000,000.00 (hereinafter the "$3 million policy"). *Annexed to the Declaration of Derek M. Zisser ("Zisser Dec.') as "Exhibit A".*

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph.

**STATEMENT NO. 2:**

On or about November 8, 1999, Stephen Carb as trustee of the Lollytogs, Inc. Trust purchased from Defendant LINCOLN BENEFIT LIFE COMPANY, INC. (hereinafter "Defendant"), for good and valuable consideration, a term life policy, bearing policy no. 01T1133155, which insured the life of Samuel Gindi (hereinafter "Gindi") in the amount of $26,000,000.00 (hereinafter the "$26 million policy"). *Zisser Dec., "Exhibit B"*.

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph.

**STATEMENT NO. 3:**

Both the $3 million and the $26 million policies offered a ten year level premium term with the option to convert the policy upon expiration of the level premium term at a favorable premium level. *Zisser Dec., "Exhibit A"; "Exhibit B"'*.

**RESPONSE:**

LBL denies and disputes the statement contained in this paragraph and further adds that the subject policies speak for themselves and any characterization is not a proper fact for inclusion in a Rule 56.1 Statement.

**STATEMENT NO. 4:**

When both the $3 million and the $26 million policies were issued, it was known to Defendant that Gindi was 75 years old. *Zisser Dec., "Exhibit A" at p. 3, p.11; Zisser Dec., "Exhibit B" at p.3, p.11*.

**RESPONSE:**

LBL denies and disputes this supposed "fact" as argumentative and because it merely states Plaintiff's speculation and Plaintiff's characterization is immaterial under Rule 56.

**STATEMENT NO. 5:**

Despite the fact that the application submitted with the insured's application correctly identified Gindi's age at the time the policies were issued, the policies set forth a conversion date to be exercised "prior to the earlier of the policy anniversary next following the insured's seventieth birthday or the end of the level premium period. *Zisser Dec., "Exhibit A" at p. 8; Zisser Dec., "Exhibit B" at 8.*

**RESPONSE:**

LBL denies and disputes the statement contained in this paragraph and further adds that the subject policies speak for themselves and any characterization is not a proper fact for inclusion in a Rule 56.1 Statement. LBL further disputes this supposed "fact" as argumentative.

**STATEMENT NO. 6:**

On or about July 13, 2000, Defendant confirmed that the $3 million and the $26 million policies had conversion rights. *Zisser Dec., "Exhibit D".*

**RESPONSE:**

LBL denies and disputes the statement contained in this paragraph. To the extent that Statement No. 6 is intended to reference a July 2000 written communication from a customer service representative of LBL, Lydia Trevino, to Plaintiff's broker concerning the policies, that communication was not consistent with the conversion language contained in the policies and in any event did not serve to modify same.

**STATEMENT NO. 7:**

On or about February 26, 2003, Defendant informed Plaintiff that there were no conversion rights under the $3 million and the $26 million policies. *Zisser Dec., "Exhibit E".*

**RESPONSE:**

LBL denies and disputes the statement contained in this paragraph. The written communication referred to speaks for itself and any characterization of same is improper for a Rule 56.1 Statement..

**STATEMENT NO. 8:**

On or about May 29, 2007, as the expiration of the level premium term approached, Plaintiff attempted to convert the $3 million and the $26 million policies. *Zisser Dec., "Exhibit F"*.

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph, except to state that in August 2007, Plaintiff's predecessor fully completed the conversion of the policies.

**STATEMENT NO. 9:**

On or about November 8, 2007, Defendant informed Plaintiff that the $3 million and the $26 million policies were not convertible due to the insured's age, despite its previous July 13, 2000 confirmation letter and the terms of the policies. *Zisser Dec., "Exhibit G"*.

**RESPONSE:**

LBL denies and disputes the characterization of the November 8, 2007 letter referred to, which letter speaks for itself.

**STATEMENT NO. 10:**

Because Defendant refused to allow Plaintiff to convert the policies, plaintiff commenced the instant action on March 26, 2009 (the "New York action"). *Zisser Dec. "Exhibit H"*.

**RESPONSE:**

LBL does not know the motivation behind the commencement of this lawsuit but admits the instant action was filed on or about March 26, 2009.

**STATEMENT NO. 11:**

An amended complaint in the New York Action was filed on April 28, 2009. Zisser Dec. *"Exhibit I"*.

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph.

**STATEMENT NO. 12:**

The central issues in the New York action revolve around whether or not Plaintiff was entitled to convert the term policies into whole life policies on October 1, 2009 and November 8, 2009, pursuant to the terms of the $3 million and the $26 million policies, and the corresponding premiums to be paid under said policies. *Id.*

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph.

**STATEMENT NO. 13:**

The minimum premium accrued to date, in connection with the cumulative amount owed on the $3 million and the $26 million policies, is $8,758,325.00. *Zisser Dec. "Exhibit A" and "Exhibit B"*

**RESPONSE:**

LBL denies and disputes this supposed "fact" as argumentative, vague, ambiguous and incomprehensible. There is no "minimum premium accrued to date" "on the "$3 million and the $26 million policies." Plaintiff owes LBL premiums in the principal sum of $27,317,490 for coverage provided to the insured for three policy years from October/November 2009 to October/November 2012.

## STATEMENT NO. 14:

$8,758,325.00 is currently being held in escrow pursuant to Judge Berman's Orders dated September 11, 2009 and December 15, 2010. *Zisser Dec., "Exhibit. J"; "Exhibit K"; and "Exhibit L".*

## RESPONSE:

LBL does not dispute the statement contained in this paragraph.

## STATEMENT NO. 15:

The trial of the New York action is scheduled to commence on October 29, 2012.

## RESPONSE:

LBL does not dispute the statement contained in this paragraph.

## STATEMENT NO. 16:

On May 20, 2012 Gindi passed away. *Zisser Dec., "Exhibit P"*

## RESPONSE:

LBL does not dispute the statement contained in this paragraph.

## STATEMENT NO. 17:

Defendant was timely notified of Gindi's death and was provided a death certificate as required by the $3 million and the $26 million policies. *Zisser Dec., "Exhibit Q".*

## RESPONSE:

LBL denies and disputes this supposed "fact" as argumentative. Otherwise, LBL does not dispute that Plaintiff informed LBL of Gindi's death.

**STATEMENT NO. 18:**

On or about June 11, 2012, Defendant filed an additional action in the United States District Court for the District of Delaware entitled *Lincoln Benefit Life Company, Inc. v. G Investors Holding LLC,* Civil Action No. 12-730 (the "Delaware Action"). *Zisser Dec., "Exhibit R".*

**RESPONSE:**

LBL denies and disputes the phrase "additional action". Otherwise, LBL does not dispute the statement contained in this paragraph.

**STATEMENT NO. 19:.** T

The Delaware Action concerns the same policies and events as the New York Action. *Zisser Dec., "Exhibit R".*

**RESPONSE:**

The Delaware Action involves different issues as the New York Action. In any event, the Complaint in the Delaware speaks for itself and any characterization is not a proper fact for inclusion in a Rule 56.1 Statement. LBL does not dispute that the Delaware Action involves the same policies as the New York Action.

**STATEMENT NO. 20:**

The sole relief sought in the Delaware Action is a "judicial declaration with respect to the rights and obligations of the parties under the Policies pending the determination and conclusion of the Underlying Action[1]. *Zisser Dec., "Exhibit R" at p. 9.*

**RESPONSE:**

LBL denies and disputes the statement contained in the paragraph to the extent the statement does not accurately identify the specific relief sought by LBL in the Delaware Action. The relief sought in the Delaware Action is a judicial declaration that any contractual obligation that LBL may have to pay a death benefit to Plaintiff does not arise until the determination and conclusion of the New York Action. In any event, the Complaint in the Delaware speaks for itself and any characterization is not a proper fact for inclusion in a Rule 56.1 Statement.

**STATEMENT NO. 21:**

Plaintiff has complied with all conditions precedent under both the $3 million and the $26 million policies. *Zisser Dec. "Exhibit A" and "Exhibit B".*

**RESPONSE:**

LBL denies and disputes the statement contained in this paragraph. Plaintiff has not complied with all conditions and terms under both policies by failing to pay the applicable premiums due under the policies.

---

[1] The Complaint in the Delaware action defines the "Underlying Action" as the instant action. *Zisser Dec., "Exhibit R" at ¶3.*

**STATEMENT NO. 22:**

Defendant has failed to pay the death benefit due under the $3 million and the $26 million policies. *Zisser Dec. "Exhibit A"; "Exhibit B"; "Exhibit H"; "Exhibit I"; and Exhibit Q"*.

**RESPONSE:**

LBL denies and disputes this statement to the extent the statement implies that LBL was under an obligation to pay the death benefit, which it was not due to Plaintiff's failure to comply with all terms and conditions of both policies -- namely, the full payment of premiums due under the policies.

**STATEMENT NO. 23:**

The maximum premium which Plaintiff could have to pay Defendant is $27,317,490.00. *Zisser Dec. "Exhibit A" and "Exhibit B"*.

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph, except that the $27,317,490.00 only represents the maximum principal amount and does not include pre-judgment interest, to which LBL is entitled if successful at trial in this action.

**STATEMENT NO. 24:**

The death benefits of both the $3 million and the $26 million policies totals $29,000,000.00. *Zisser Dec. "Exhibit A" and "Exhibit B"*.

**RESPONSE:**

LBL does not dispute the statement contained in this paragraph.

## STATEMENT NO. 25:

Plaintiff has an absolute and immediate right to receive $1,682,510.00 from Defendant, which represents the difference between the $29,000,000.00 death benefit and the $27,317,490.00 maximum premium that Defendant could receive. *Zisser Dec. "Exhibit A" and "Exhibit B"*.

## RESPONSE:

LBL denies and disputes this supposed "fact" as argumentative and because in reality merely states Plaintiff's speculation and Plaintiff's characterization is immaterial under Rule 56.

Dated: New York, New York
August 2, 2012

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ Richard M. Resnik
Richard M. Resnik (RR 1407)
Jay W. Cho (JC 0102)
Sarah Izfar (SI 0601)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
Lincoln Benefit Life Company Inc.