09-103.02

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

G INVESTORS HOLDING LLC as ) 
successors in interest to STEPHEN CARB )
AS TRUSTEE OF LOLLYTOGS, INC. TRUST, ) 09 CIV 2980 ALC KNF
 )
    Plaintiff, )
 ) **AFFIDAVIT OF**
    -against- ) **JOSHUA L. MALLIN**
 )
 )
LINCOLN BENEFIT LIFE COMPANY, INC. )
 )
 )
    Defendant. )
 )

State of New York )
 ) ss.:
County of New York )

Joshua L. Mallin, being duly sworn, deposes and says:

1. I am a member of Weg and Myers, P.C., the attorneys of record for G Investors Holding LLC as successors in interest to Steven Carb as Trustee of Lollytogs, Inc. Trust ("Plaintiff") in the above-captioned action and as such I am fully familiar with facts and circumstances herein.

2. This affidavit is submitted in response to the affidavit filed by Richard Resnik, Esq. and his attempt to mislead this Court as to the factual and legal context under which Judge Berman issued his September 11, 2009 Order, a document that has material significance given Defendant Lincoln Benefit Life Company, Inc.'s ("LBL") disingenuous opposition to the instant motion.

3. Accordingly, I submit this affidavit to clarify the factual circumstances surrounding the Court's September 11, 2009 Order which provides a judicial imprimatur as to the amount of premiums to be paid during the pendency of the instant action.

4. As an initial matter, this Court should be made aware that, despite the statements made in his affidavit, *See* Affidavit of Richard M. Resnik (hereinafter "Resnik Aff.") at ¶ 12–15., Attorney Resnik was <u>never</u> present at any of the Court conferences conducted in 2009 and, as reflected in the various emails, was not an attorney at Seyfarth Shaw who I was communicating with.

5. Given the above, I am hard pressed to understand under what authority Resnik believes he is able to submit sworn statements to this Court regarding what transpired at a pre-motion conference that he did not even attend. *See* Resnik Aff. at ¶ 15. The only people who communicated with the Court in 2009 regarding the amount of premiums to be held in escrow were myself, Scott Kantor, formerly of Weg and Myers, and Jay Cho, counsel for LBL. *See* Correspondence from Joshua L. Mallin, dated September 11, 2009, annexed hereto as Exhibit "C"; *see also*, Resnik Aff. Exhibit J. As indicated earlier, Resnik's name is conspicuously absent from any of the related correspondence and all communication among counsel was conducted with either Jay Cho or Peter Romo, the partner handling this case at the Seyfarth firm. *See* Resnik Aff. Exhibits G, H, I, J and K; *see also*, Exhibits "A" and "B", annexed hereto.

6. As the documents reflect, subsequent to the commencement of this litigation, the anniversary dates for the premium payments became due. As a result, on behalf of my client, we sought a standstill agreement with LBL that would allow Plaintiff to continue to pay a premium amount consistent with the amount of premium

2

owed on the convertible policies, policies Plaintiff believed it was entitled to transition into. Consequently, I raised this issue with the Court at a conference on June 16, 2009. As a result of LBL's representation that we could work out a standstill stipulation, we agreed to attempt to resolve it in such a fashion.

7. However, as the exchange of emails reflect, not only did LBL delay in its response to me, *See* Resnik Aff. Exhibits G and H, but it insisted that Plaintiff, who was at the time an 86 year old male, apply for, accept and pay substantially higher premiums on a new term policy. A copy of Mr. Romo's email, dated August 4, 2009, is annexed hereto as Exhibit "A"

8. Because such a position was unacceptable, by letter dated August 14, 2009, my associate Scott Kantor, Esq. sent a letter to the Court requesting a pre-motion conference. *See* Resnik Aff. Exhibit J.

9. Subsequent to the sending of this letter, further emails were exchanged but without resolution. A copy of emails dated August 31, 2009 and September 4, 2009 exchanged between myself and Mr. Romo are annexed hereto as Exhibit "B".

10. Consequently, on September 8, 2009, this Court held a conference in which counsel for both parties laid out their positions regarding the appropriate amount of monies that should be deposited in escrow. After hearing argument, the Court ordered the parties to submit a stipulation to be "so-ordered" by the Court, consistent with the respective positions and the Court would sign one of the Orders.

11. Plaintiff complied with the Court's directives and submitted a simple Proposed Order, a copy of which is annexed hereto as Exhibit "C", LBL however, rather than follow this simple directive, instead filed a letter-brief accompanying its Proposed Order in which it once again re-argued its position to the Court. *See*

3

correspondence from Jay W. Cho, dated September 10, 2009, annexed hereto as Exhibit "D".

12. Curiously, this letter, which in essence restates the arguments currently being made by LBL in the instant motion, was not annexed to the instant Resnik affirmation. Additionally, Resnik failed to annex my letter to the Court in response, dated September 11, 2009, even though it is referenced in the Judge's Order. A copy of this letter is annexed hereto as Exhibit "E".

13. As reflected in the letter-brief, LBL argued to the Court that Plaintiff should be required to pay the higher premiums as if Plaintiff had not converted the Subject Policies before the expiration of the level term because this is the amount that is due under the policies "if [Plaintiff] wishes to retain the continued benefits of coverage." *See* Exhibit D at p. 3. This argument was considered, and rejected, by the Court. *See* Resnik Aff. Exhibit M.

14. In adopting Plaintiff's position on this issue, the Court ordered Plaintiff to pay into escrow "premiums in an amount required for a convertible policy" pending the resolution of this matter. *Id.*

15. Not only did this Order determine the amount of premiums to be paid during the pendency of this action, but the Order also created a mechanism for the payment of the difference, if any, between the premiums determined to be applicable at the conclusion of this litigation and the premiums paid under the Order. *Id.*

16. Notably, at no point did LBL, in its correspondence, letter-brief or Proposed Order request or assert a claim for prejudgment interest, and, in fact, the Court's instructions setting forth the premiums to be paid after the conclusion of this

4

litigation, if LBL is successful, constitutes an express rejection of any implication that prejudgment interest would be owed. *See* Resnik Aff. Exhibit M.

_____
JOSHUA L. MALLIN

Sworn to me on this
9 day of August, 2012

_____
Notary Public

DEREK MICHAEL ZISSER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ZI6247767
Qualified in Nassau County
My Commission Expires October 03, 2015

5

Docket No 09-CV 2980 ALC KNF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

G INVESTORS HOLDING LLC as successors in interest to STEPHEN CARB AS TRUSTEE OF LOLLYTOGS, INC. TRUST

Plaintiff,

-against-

LINCOLN BENEFIT LIFE COMPANY, INC.,

Defendant.

AFFIDAVIT OF JOSHUA L. MALLIN

*Weg and Myers, P.C.*
Attorney for Plaintiff

Office and Post office Address, Telephone
Federal plaza
52 Duane Street
NEW YORK, NEW YORK 10007
(212) 227-4210