UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
G INVESTORS HOLDING LLC as successors
in interest to STEPHEN CARB AS TRUSTEE
OF LOLLYTOGS, INC. TRUST,

              Plaintiffs,

              09 Civ. 2980 (ALC) (KNF)

      - against -                  **Memorandum & Order**

LINCOLN BENEFIT LIFE COMPANY, INC.,

              Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9·25·12

**ANDREW L. CARTER, JR., United States District Judge:**

    Before the Court are Plaintiff's motions to dismiss or stay the Delaware District Court Action, <u>Lincoln Benefit Life Company Inc. v. G Investors Holdings LLC</u>, Civil Action No. 12-730 LPS, to amend the amended complaint, and for partial summary judgment. On September 10, 2012, this Court abstained from ordering the Delaware District Court Action to dismiss or stay the Delaware case. For the reasons set forth below, this Court now grants the motion to amend and denies the motion for partial summary judgment.

    I.    **PLAINTIFF'S MOTION TO AMEND**

    A. **Procedural History**

    The original complaint was filed by Stephen Carb ("Carb") as Trustee of Lollytogs, Inc. Trust against Defendant Lincoln Benefit Life Company, Inc. ("Defendant") on March 26, 2009. Soon thereafter, on April 28, 2009, Carb filed an amended complaint. Plaintiff G Investors Holding LLC ("Plaintiff") became successors in interest to Carb.

    The following facts are undisputed. (See Statement of Defendant Lincoln Benefit Life Company Inc. In Opposition to Plaintiff's Statement of Alleged Material Facts on Motion for

1

Partial Summary Judgment as to Which There Are No Genuine Issues to be Tried.) On or about October 1, 1999, Carb as Trustee of Lollytogs, Inc. Trust purchased from Defendant for good and valuable consideration, a term life policy, bearing policy no. 01T1125550, which insured the life of Samuel Gindi ("Gindi") in the amount of $3,000,000.00 (the "$3 million policy"). (Annexed to the Declaration of Derek M. Zisser, dated July 20, 2012 ("Zisser Declaration") as "Exhibit A".) On or about November 8, 1999, Carb again purchased from Defendant a term life policy, bearing policy no. 01T1133155, which insured the life of Gindi in the amount of $26,000,000.00 (the "$26 million policy"). (Zisser Declaration, "Exhibit B".)

Gindi was seventy-five years old at the time of purchase, effectively making it contractually impossible for him to exercise the conversion rights at the age of seventy as set forth in the contracts. (Pl.'s Am. Compl. ¶ 41.) On or about February 26, 2003, Defendant wrote a letter honoring a previous written communication from Defendant's customer service representative, giving the right of conversion only if exercised within the next thirty days from the date of the letter. (Declaration of Stan Shelley, dated Aug. 11, 2011 ("Shelley Declaration"), ¶¶ 28, 29.) After no initial response or objection to this one time limited offer from Plaintiff, Plaintiff's agents, Carb or Gindi, Defendant subsequently granted extensions of the conversion right per Plaintiff's requests. (Shelley Declaration, ¶¶ 30-32.)

Ultimately, Defendant refused to allow Plaintiff to convert the policies due to Gindi's age. (Shelley Declaration, ¶¶ 51, 53, 54.) Thus, Plaintiff filed this lawsuit ("the New York action") to adjudicate whether or not Plaintiff was entitled to convert the term policies into whole life policies on October 1, 2009 and November 8, 2009, pursuant to the terms of the $3 million and the $26 million policies, and determine the corresponding premiums to be paid under said policies. (Pl.'s Am. Compl. ¶ 45.)

On September 11, 2009 and December 15, 2010, Judge Berman ordered Plaintiff to pay the premiums in an amount required for a convertible policy into an escrow account totaling $8,758,325.00 pending the resolution of this matter. (Zisser Declaration, "Exhibit J"; "Exhibit K"; and "Exhibit L".) The trial of the New York action is scheduled to commence on October 29, 2012. On May 20, 2012, Gindi passed away. (Zisser Declaration, "Exhibit P".) On or about June 11, 2012, Defendant filed an action involving the same policies as the New York action in the United States District Court for the District of Delaware entitled Lincoln Benefit Life Company Inc. v. G Investors Holdings LLC, Civil Action No. 12-730. (Zisser Declaration, "Exhibit R".)

Defendant has not paid the death benefit under the $3 million and the $26 million policies. (Zisser Declaration, "Exhibit A"; "Exhibit B"; "Exhibit H"; "Exhibit I"; and "Exhibit Q".) The death benefits of both the $3 million and the $26 million policies total $29,000,000.00 ("the Death Benefit"). (Zisser Declaration, "Exhibit A" and "Exhibit B".) The maximum principal amount which Plaintiff could have to pay Defendant is $27,317,490.00. Id.

Plaintiff now moves to file a second amended complaint ("SAC") "to include a cause of action sounding in breach of contract due to Defendant's refusal to pay the death benefit due and owing under the policies which are the subject of the instant action." (Zisser Declaration, ¶ 2.) Plaintiff further moves for partial summary judgment on its breach of contract claim due to Defendant's refusal to pay the death benefits under the policies. Defendant opposes the motions.

**B. Standard of Review**

A party may amend its complaint once without leave of court up to 21 days after the service of either a responsive pleading or various Fed. R. Civ. P. 12 motions. See Fed. R. Civ. P. 15(a)(1). After that time has expired, any amendment requires the consent of the opposing parties or leave of court. See Fed. R. Civ. P. 15(a)(2). A court should "freely give leave when

3

justice so requires." Id. Courts typically grant requests to amend under Rule 15(a). See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). It is, however, ultimately "within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)). A court may deny amendments to the complaint if they are futile or if they would unfairly prejudice the opposing parties. See Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005) (citations omitted). An amendment is considered futile if, for example, it cannot withstand a motion to dismiss. See Ricciuti, 941 F.2d at 123.

### C. Analysis Under Rule 16(b)

Rule 16(b)(4) provides that the scheduling order may not be modified except upon a showing of good cause. "Good cause depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 3340 (2d Cir. 2000); see also Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011) (noting that even after the 2007 amendment to Rule 16(b)(4), good cause remains the prevailing factor). A party demonstrates good cause by a showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." Oscar v. BMW of North Am., No. 09 Civ. 11, 2011 WL 6399505, at *2 (S.D.N.Y. Dec. 20, 2011) (internal quotation marks omitted and citations omitted). A party does not satisfy the good cause standard when the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline." Sokol Holdings. Inc. v. BMD Munai, Inc., No. 05 Civ. 3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (citing Rent–A–Center Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)).

While diligence should be a court's primary consideration, it is not the sole factor. See Kassner, 496 F.3d at 244. The court, in its discretion, may consider other relevant factors, including the prejudice suffered by the opposing parties because of the amendment, see id., though "[t]he absence of prejudice to the non-moving party [] is not alone sufficient to satisfy the good cause requirement of Rule 16(b)." Int'l Media Films, Inc. v. Lucas Entm't, Inc., No. 07 Civ. 1178, 2008 WL 781823, at *2 (S.D.N.Y. Mar. 20, 2008) (citing Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007)). An amendment is prejudicial to the non-moving party if, for example, it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, No. 10 Civ. 4135, 2012 WL 11270, at *8 (S.D.N.Y. Jan. 3, 2012) (quoting Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)).

The Court concludes that Plaintiffs have shown good cause. The timing of the motion is excusable due to the unavailability of this proposed cause of action until Gindi's death. See e.g., Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (citation omitted) (recognizing that "causes of action in a complaint must be based on factual allegations, not factual speculation.").

**D. Analysis Under Rule 15(a)**

The court applies the standard set forth in Rule 15 to determine whether the amendment is proper. See Dumann Realty, LLC v. Faust, No. 09 Civ. 7651, 2011 WL 2749553, at *3 (S.D.N.Y. Jul. 8, 2011) (citations omitted); Samad Bros., Inc. v. Bokara Rug Co. Inc., No. 09 Civ. 5843, 2010 WL 4457196, at *2 (S.D.N.Y. Oct. 18, 2010).

5

Plaintiff's proposed cause of action for failure to pay the Death Benefit was unavailable at the time of Plaintiff's Amended Complaint when Gindi had been alive. Gindi's death is unsurprising given his elderly age and health condition. The prejudice faced by Defendants is insufficient to warrant denial of the motion. Contrary to Defendant's dismissive arguments, Plaintiff's amendment is not futile. Thus, the Court grants Plaintiff's motion to amend the amended complaint.

In a footnote, Defendant requests the Court to condition its leave to amend upon Plaintiff's posting of a bond in the amount of $18,559,165, representing additional premiums due to Defendant if Defendant is successful at trial. Opp. at 11 n.5. Defendant also requests the Court to condition its leave upon Defendant's right to take an immediate deposition of Plaintiff to satisfy the Court that Plaintiff has sufficient funds to satisfy the more than $18 million judgment that may be awarded to Defendant if Plaintiff is unsuccessful at trial. Given the impending trial date and conditions precedent, the Court denies both requests.

## II.     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Standard of Review - Fed. R. Civ. P. 56

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

6

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. Under Rule 56(e), the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' ... because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F.Supp.2d 179, 187 (E.D.N.Y. 2006) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where plaintiff moving for summary judgment bears a much greater initial burden; it must show that the evidence supporting its claims is so compelling that no reasonable jury could return a verdict for the defendant." Meltzer, 440 F.Supp.2d at 187 citing Select Creations, Inc. v. Paliafito America, Inc., 911 F.Supp. 1130, 1149 (E.D. Wis. 1995).

Defendant disputes the difference between the Death Benefit payment and premiums owed to Defendant. If Defendant prevails at trial, Defendant seeks not only the principal sum of more than $27 million in unpaid premiums, but also pre-judgment interest going back to 2009 in the additional sum of more than $4.7 million. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion Seeking to Amend the Complaint and for Partial Summary Judgment and to Stay a Separate Action in Federal District Court in Delaware ("Opp.") at 3.) Thus, Defendant

7

contends the full amount of the judgment to which Plaintiff would be entitled exceeds the Death Benefit amount. Id.

Having reviewed the papers in support of and in opposition to the motion for partial summary judgment, the Court finds that genuine issues of material fact exist with respect to payment of a portion of the Death Benefit. Both sides offer evidence that raises significant factual disputes as to the rights and obligations that gave rise to this action. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing Anderson, 477 U.S. at 255); see also Riscili v. Gibson Guitar Corp., 605 F.Supp.2d 558, 568–69 (S.D.N.Y. 2009) (denying summary judgment where witnesses provided contradictory testimony). Such issues of material fact preclude the entry of summary judgment with respect to those claims at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the first amended complaint (docket no. 4) is granted, but Plaintiff is cautioned against amending the complaint again. Plaintiffs should file their second amended complaint consistent with this order no later than October 1, 2012. Plaintiff's motion for partial summary judgment is denied.

Dated: New York, New York
September 25, 2012

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge