**MEMO ENDORSED**

# Weg and Myers, P.C.

ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007
(212) 227-4210
FAX: 212-349-6702
WWW.WEGANDMYERS.COM

CONNECTICUT AFFILIATE
LAW OFFICE OF
**BRIAN D. ROSENFELD**
16 RIVER STREET
NORWALK, CT 06850
(203) 853-3888

September 25, 2012

NEW JERSEY AFFILIATE
LAW OFFICE OF
**MASELLI-WARREN, P.C.**
600 ALEXANDER ROAD
PRINCETON, NJ 08540
(609) 452-8411

**VIA E-MAIL**
The Honorable Andrew L. Carter, USDJ
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    G Investors Holding, LLC. as successors in interest to Stephen Carb as Trustee of Lollytogs, Inc. Trust v. Lincoln Benefit Life Company Inc., 09-CV-2980 (ALC)
          Our File No: 09-103

Dear Judge Carter:

    This firm represents Plaintiff in the above-referenced matter. I respectfully submit this letter in reply to the correspondence of counsel for Lincoln Benefit Life Company Inc. (hereinafter "LBL") dated September 24, 2012.

    While we have no objection to the proposed conference, counsel for LBL was disingenuous when it described its request that Plaintiff's counsel accept service on behalf of three witnesses. In fact, when presented with the request that we accept service, the undersigned responded that we would gladly do so as long as Defense counsel was willing to reciprocally accept service on behalf of the three employees of LBL that Plaintiff had indicated it would be calling to testify live in the Joint Pre-Trial Order filed September 6, 2011. When the undersigned attempted to contact counsel for LBL to further discuss their request, counsel for LBL responded by curtly informing me that they would accept service on behalf of two of the three requested witnesses and that they deemed this issue closed. Accordingly, any attempt to characterize Plaintiff's position with regard to the acceptance of service of trial subpoenas as "unreasonable" is misleading because our attempts to resolve this issue were dismissed by counsel for LBL.

    As stated above, we have no objection to a conference to discuss the parties' pre-trial obligations prior to trial and the schedule for any such submissions.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-25-12

*Weg and Myers, P.C.*

The Honorable Andrew L. Carter, USDJ
Re: G Investors Holding, LLC
September 25, 2012
Page 2 of 2

We thank this Court for its attention to this matter.

Respectfully submitted,

WEG AND MYERS, P.C.

By _____
Derek M. Zisser (DZ 1984)

Cc:  **Via E-Mail**
Dennis T. D'Antonio, Esq. (ddantonio@wegandmyers.com)
Joshua L. Mallin, Esq. (jmallin@wegandmyers.com)

Seyfarth Shaw, LLP
*Attorneys for Defendant*
Attn: Elizabeth D. Schrero, Esq. (eschero@seyfarth.com)
 Richard M. Resnik, Esq. (rresnik@seyfarth.com)
 Jay W. Cho, Esq. (jcho@seyfarth.com)

---

*A pre-motion conference is scheduled for 10/3/12 at 11:30 a.m. So Ordered.*

*Andrew L. Carter*
*9-25-12*

# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5522

Writer's e-mail
eschrero@seyfarth.com

September 24, 2012

**VIA EMAIL**

United States District Judge Andrew J. Carter, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Room 725
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

> Re: **G Investors Holding LLC v. Lincoln Benefit Life Company Inc.**
> **(USDC, SDNY, No. 09-cv-02980)**
> **Trial Date: October 29, 2012**

Dear Judge Carter:

    I am counsel for defendant Lincoln Benefit Life Company Inc. ("LBL") in the above-referenced action, together with my partner, Richard Resnik, and my colleague, Jay Cho. We write to respectfully request a conference, as soon as practicable, to discuss several matters pertaining to the upcoming trial which is scheduled to commence on October 29, 2012.

    First, we request a brief conference to discuss LBL's inability, despite diligent attempts, to serve trial subpoenas (the "Subpoenas") upon three representatives of plaintiff G Investors Holding LLC ("Plaintiff") and to request an Order from this Court permitting LBL to serve the subpoenas by alternate means. Specifically, we have been frustrated in our attempts to serve the Subpoenas upon Raymond Gindi, Isaac Gindi and Ezra Sultan (collectively, the "Witnesses"), all of whom are principals and/or officers of the Century 21 Department Store and who likely control and represent Plaintiff in this action. We have not only attempted service at their place of business where our process server was denied access, but also, at their homes, to no avail. Prior to attempting service of the Subpoenas upon the Witnesses, we asked Plaintiff's counsel to accept service on their behalf. Counsel, however, conditioned their acceptance of service of the Subpoenas on LBL's agreement to accept service of a subpoena, and to produce as a live witness, a low level LBL employee, Jill Cary, whose role in the events underlying this action are minor, and who is located in Lincoln, Nebraska -- and thus well outside the jurisdiction of this Court -- and whose deposition testimony may be used at trial by Plaintiff. LBL declined to accept counsel's unreasonable condition.

LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



United States District Judge Andrew J. Carter, Jr.
September 24, 2012
Page 2

All of the Witnesses that LBL seeks to subpoena have been previously deposed, submitted affidavits in opposition to LBL's motion for summary judgment or in support of Plaintiff's most recent motion to amend the complaint and for other relief and/or are identified as witnesses in Plaintiff's Pretrial Order. LBL believes that the Witnesses' live testimony is critical to the establishment of LBL's defenses in this action and we are anxious to serve the Subpoenas well in advance of the October 29 trial date. Accordingly, LBL respectfully requests that the Court either schedule a conference to discuss the matter or simply endorse this letter permitting LBL to serve the Witnesses by Federal Express or certified mail at their place of business located at 22 Cortlandt Street, New York, NY. This Court, of course, has authority to order such alternate means of service of subpoenas. See Cordius Trust v. Kummerfeld, No. 99 CIV. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. 2000) (ordering alternate service by means of certified mail because "[t]he language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be deliver[ed] to the person whose attendance or production of documents is sought", and also finding that "[t]he Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service); see also Ultradent Products, Inc. v. Hayman, 2002 WL 31119425 at *3 (S.D.N.Y. 2002) (permitting service of subpoena by certified mail an also by service upon the Secretary of State as a designated agent).

In addition, we believe a conference would be useful to discuss the parties' pretrial obligations prior to the upcoming trial. As Your Honor is aware, this action was reassigned to Your Honor from Judge Richard Berman, under whose Individual Rules the parties submitted their pretrial submissions. In preparing for trial, we have reviewed Your Honor's rules regarding pretrial orders and related pretrial submissions, which differ from Judge Berman's. Accordingly, in our desire to be in full compliance with Your Honor's rules prior to the October 29 trial, we believe a short conference would be beneficial for clarification as to whether any of the previous pretrial submissions must be modified and if so, the schedule for such amended submissions. We also believe that certain modifications are required such as to clarify which witnesses will testify live and identify additional exhibits to be used at trial.

Finally, we would like to discuss issues relating to the use of exhibits (electronic or otherwise) and seek an Order permitting the use of electronic equipment (a laptop computer) in Your Honor's courtroom during trial.



United States District Judge Andrew J. Carter, Jr.
September 24, 2012
Page 3

We thank the Court for its consideration of this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

Elizabeth D. Schrero

EDS:msi

cc: Dennis D'antonio, Esq. (Via Email)
Joshua L. Mallin, Esq. (Via Email)
Derek M. Zisser, Esq. (Via Email)
Richard M. Resnik, Esq. (Via Email)
Jay W. Cho, Esq. (Via Email)