UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
G INVESTORS HOLDING LLC as successors in  :
interest to STEPHEN CARB AS TRUSTEE OF    :
LOLLYTOGS, INC. TRUST,                    :
                                          :     09-CV-2980 (ALC)(KNF)
      Plaintiff,               :
   vs.                                :
                                          :
LINCOLN BENEFIT LIFE COMPANY INC.,        :
                                          :
      Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### **DEFENDANT'S PROPOSED VERDICT SHEET**

Defendant Lincoln Benefit Life Company Inc. ("Defendant" or "Lincoln") respectfully submits the following Proposed Verdict Sheet.

**Findings Regarding the Term Policies**

1. Does the preponderance of the evidence demonstrate that the Plaintiff had the right to convert the Term Policies to whole or universal life policies at the time the Term Policies were issued in 1999?

    YES _____   NO _____

    **Proceed to Question 2.**

2. Did the plain language of the Term Policies allow for modification of the Term Policies by a writing from a non-officer?

    YES _____   NO _____

    **If "YES" proceed to Question 3. If "NO" proceed to Question 9.**

3. Does the preponderance of the evidence demonstrate that Defendant's customer service representative, Lydia Trevino, had the authority to modify the Term Policies?

         YES _____   NO _____

    **If "YES" proceed to Question 4. If "NO" proceed to Question 9.**

4. Does the preponderance of the evidence demonstrate that the July 13, 2000 Lydia Trevino Fax modified the subject Term Policies and gave Plaintiff the right to convert the Term Policies to whole or universal life insurance policies with higher premiums through the end of the level premium periods?

   YES _____    NO _____

   **If "YES" proceed to Question 5.  If "NO" proceed to Question 9.**

5. Does the preponderance of the evidence demonstrate that James Wilson and Laura Lendin represented the Plaintiff as Plaintiff's agents when dealing with Defendant?

   YES _____    NO _____

   **Proceed to Question 6.**

6. Does the preponderance of the evidence demonstrate that Defendant made a one-time, limited offer to convert the subject Term Policies to whole or universal life policies, which was set forth in the February 26, 2003 letter from Stan Shelley, Vice President of Defendant, and Vicki Hansen, a customer service unit supervisor, to Laura Lendin, Plaintiff's agent, and thereby modified the subject Term Policies?

   YES _____    NO _____

   **If "YES" proceed to Question 7.  If  "NO" proceed to Question 9.**

7. Does the preponderance of the evidence demonstrate that Plaintiff accepted Defendant's one time, limited offer to convert the subject Term Policies to whole or universal life policies and, in fact, converted the Term Policies in 2003 to universal life policies?

   YES _____    NO _____

   **If "YES" proceed to Question 8.  If  "NO" proceed to Question 9.**

8. Does the preponderance of the evidence demonstrate that Plaintiff acknowledged that it was limited to a one-time, limited offer to convert the subject Term Policies to whole or universal life policies?

   YES _____    NO _____

   **Proceed to Question 9.**

9. Does the preponderance of the evidence demonstrate that Plaintiff was entitled to convert the subject Term Policies to whole or universal life policies as of the end of the level premium period?

    YES _____    NO_____

    **Proceed to Question 10.**

    **Plaintiff's First and Second Breach of Contract Claims**

10. Does the preponderance of the evidence demonstrate that Defendant's position that Plaintiff did not have a right to convert the Term Policies to whole or universal life policies in 2007 or 2009 constitutes a breach of the Term Policies?

    YES _____    NO_____   (Return Verdict for Defendant)

    **If "YES" proceed to Question 11. If "NO," return verdict for Defendant on these claims and proceed to Question 19.**

11. Does the preponderance of the evidence demonstrate that Plaintiff has suffered quantifiable damages as a result of Defendant's breach?

    YES _____    NO_____   (Return Verdict for Defendant)

    **If "YES" proceed to Question 12. If "NO" return verdict for Defendant on these claim and proceed to Question 19.**

12. If so, write in the amount due to Plaintiff on its First and Second Claims for breach of contract arising as a result of Defendant's breach for advising Plaintiff that it did not have a right to convert the Term Policies: $_____

    **Proceed to Question 13.**

    **Plaintiff's Third and Fourth Breach of Contract Claims**

13. Does the preponderance of the evidence demonstrate that, upon Gindi's death, Defendant is not obligated to pay the death benefits under the Term Policies unless and until it receives full payment of premiums due?

    YES _____    NO_____   (Return Verdict for Defendant)

    **If "YES" proceed to Question 14. If "NO" return verdict for Defendant on these claims and proceed to Question 19.**

14. Does the preponderance of the evidence demonstrate that Plaintiff has paid the full amount of premiums owed to Defendant under the Term Policies and has otherwise fully performed under the Term Policies?

       YES _____  NO_____  (Return Verdict for Defendant)

**If "YES" proceed to Question 15.  If "NO" return verdict for Defendant on these claims and proceed to Question 19.**

15. Does the preponderance of the evidence demonstrate that Defendant's position that it was not obligated to pay the death benefits, unless and until it receives full payment of the premiums owed to Defendant under the Term Policies, constitutes a breach of the Term Policies?

       YES _____  NO_____  (Return Verdict for Defendant)

**If "YES" proceed to Question 16.  If "NO" return verdict for Defendant on these claims and proceed to Question 19.**

16. Does the preponderance of the evidence demonstrate that, by demanding the death benefits under the Term Policies, Plaintiff acknowledged that the Term Policies were the only Lincoln insurance policies in effect at the time of Gindi's death?

       YES _____ (Return Verdict for Defendant)  NO _____

**If "YES" return verdict for Defendant on these claims and proceed to Question 19. If "NO" proceed to Question 17.**

17. Does the preponderance of the evidence demonstrate that Plaintiff has suffered quantifiable damages as a result of Defendant's breach?

       YES _____  NO_____  (Return Verdict for Defendant)

**If "YES" proceed to Question 18.  If "NO" return verdict for Defendant on these claims and proceed to Question 19.**

18. Write in amount due to Plaintiff for its third and fourth claims for breach of contract for denial of the death benefits: $_____

**Proceed to Question 19.**

**Defendant's Counterclaims**

19. Does the preponderance of the evidence demonstrate that Plaintiff is required to pay the full amount of premiums due under the Term Policies to Defendant before Defendant is obligated to pay Plaintiff the death benefits?

    YES _____    NO_____    (Return Verdict for Plaintiff)

    **If "YES" proceed to Question 20. If "NO" return verdict in for Plaintiff on this claim.**

20. Write in the amount that is due to Lincoln in unpaid premiums due under the Term Policies through the date of Gindi's death: $_____

    **Proceed to Question 21.**

21. Does the preponderance of the evidence demonstrate that, pursuant to the September 11, 2009 Order of the Honorable Richard Berman, Lincoln is entitled a judgment against Plaintiff, directing prompt release to Lincoln of the premiums currently in escrow, in the aggregate amount of $8,758,325, plus accrued interest?

    YES _____    NO_____

    **If "YES" proceed to Question 22. If "NO" return verdict in for Plaintiff on this claim.**

22. Write in the amount due to Lincoln in unpaid premiums that would be due under the universal life policies: $_____

Please have the foreperson sign and date in the space provided below.

_____        _____
Signature of foreperson              Date

Dated: New York, New York
       October 23, 2012

                              SEYFARTH SHAW LLP

                              By: s/ Richard M. Resnik
                                  Richard M. Resnik (RR-1407)
                                  Elizabeth Schrero (ES-7351)
                                  Jay W. Cho (JC-0102)
                                  620 Eighth Avenue
                                  New York, New York 10018
                                  (212) 218-5500

                                  Attorneys for Defendant
                                  Lincoln Benefit Life Company Inc.